```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | | |
|---|---|---|
| DANIELLA CRACCO, | ) | 2:10-CV-00906-ECR-LRL |
| | ) | |
|     Plaintiff, | ) | MINUTES OF THE COURT |
| | ) | |
| vs. | ) | DATE: September 16, 2010 |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE | ) | |
| COMPANY, Duly Authorized to | ) | |
| Conduct Business in the State of | ) | |
| Nevada; DOES I through X, | ) | |
| inclusive, and ROE CORPORATIONS | ) | |
| I through X, inclusive, | ) | |
| | ) | |
|     Defendant. | ) | |

PRESENT:     EDWARD C. REED, JR.                  U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN       Reporter:     NONE APPEARING

Counsel for Plaintiff(s)                 NONE APPEARING

Counsel for Defendant(s)                 NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>

     Plaintiff has filed a motion to remand (#4), claiming that the petition for removal (#1) was not timely filed. Defendant opposed (#5) the motion (#4), and Plaintiff replied (#6).

     Plaintiff originally filed a complaint incorrectly identifying the Defendant on January 21, 2010. Plaintiff then filed an amended complaint naming Defendant on January 28, 2010, and served Defendant on February 2,

2010. Thereafter, the parties entered into a stipulation to allow Plaintiff to amend her first amended complaint. The second amended complaint was filed on May 26, 2010, and Defendant was served with the second amended complaint on May 28, 2010.

The petition for removal (#1) was filed on June 14, 2010, seventeen days after service of the second amended complaint on May 28, 2010, but well after Defendant was served with the first amended complaint on February 2, 2010. Removal to federal court is timely if Defendant removes to federal court within thirty days of receiving the initial pleading or thirty days after receiving a paper "from which it could be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b). The petition for removal (#1) was timely only if Defendant could not have ascertained from the first amended complaint that the case was removable. See id.

The only issue of contention in this case is whether Defendant's removal was timely. Both parties agree that diversity of citizenship exists, and neither disputes that the amount in controversy exceeds $75,000. Defendant argues that the first amended complaint was vague and did not support a conclusion that the amount in controversy would exceed $75,000, and therefore, the thirty day limit on filing a petition for removal did not start to run until Defendant was served with the second amended complaint.

The Ninth Circuit has held that "the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Here, Plaintiff alleged in her first amended complaint that she is entitled to the uninsured/underinsured motorist limits of the insurance policy from Defendant. Plaintiff also alleged that the limit is $100,000 per person. In addition, Plaintiff claimed that she sustained medical bills in excess of eleven thousand dollars, and that she has incurred damages for lost income, loss of earning capacity, property damage, rental replacement costs, attorney's fees, and other incidental damages.

Defendant argues in its response (#5) that the allegation that Plaintiff is entitled to the $100,000 policy limit in the first amended complaint was made in the disjunctive with the allegation that Defendant

has refused to make a reasonable offer of settlement, and therefore amounts merely to a "boilerplate demand for the policy limit." (D.'s Resp. at 4 (#5).) For this proposition, Defendant relies on the unpublished case Gilliard v. Wal-Mart Stores, Inc. No. 2:07-CV-00245-KJD-GWF, 2007 WL 1456219 (D. Nev. May 16, 2007). Defendant's reliance is misplaced. In Gilliard, the plaintiff's original complaint did not include "a clear indication of possible federal jurisdiction," id. at *2, whereas in this case, Plaintiff clearly requests the policy limit of $100,000 in her first amended complaint. We therefore find that the lawsuit is untimely under 28 U.S.C. § 1446(b) because Defendant did not file a petition for removal within thirty days of being served with the first amended complaint.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion to remand (#4) is **GRANTED**.

The Clerk shall enter judgment accordingly.

LANCE S. WILSON, CLERK

By _____/s/_____
    Deputy Clerk